UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13311-RGS

WENDY KO LAI and KOON-HUNG LAI

v.

US BANK NATIONAL ASSOCIATION; BAC HOME LOANS SERVING, LP; NATIONSTAR MORTGAGE LLC; DOONAN, GRAVES & LONGORIA, LLC; GUAETTA AND BENSON, LLC; CARRINGTON PROEPRTY SERVICES/CARRINGTON REAL ESTATE SERVICES, LLC

MEMORANDUM AND ORDER ON DEFENDANT
DOONAN, GRAVES & LONGORIA'S MOTION TO DISMISS

September 25, 2015

STEARNS, D.J.

In their Amended Complaint, plaintiffs Wendy Ko Lai and Koon-hung Lai allege that defendants US Bank National Association (US Bank); BAC Home Loans Servicing, LP (BAC); Nationstar Mortgage LLC (Nationstar); Doonan, Graves & Longoria, LLC (Doonan); Guaetta and Benson, LLC (Guaetta); and Carrington Property Services/Carrington Real Estate Services, LLC (Carrington) failed to offer a good faith modification of the mortgage on their property at 4-4A Bryon Rd, Newton, MA, and foreclosed (if indeed a foreclosure has taken place) on the mortgage without giving the proper notice. Doonan moves to dismiss for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

The facts, as alleged, are as follows. The Lais obtained a mortgage for the property in 2006 and defaulted on the loan in and about May of 2010. Between 2010 and 2015, the Lais repeatedly submitted HAMP loan modification applications to BAC and subsequently US Bank (the successor in interest to the original mortgagee) and Nationstar (which became the successor servicer) to no avail. The Lais allege that these entities failed to properly process their applications despite numerous representations of doing so. In June of 2015, plaintiffs learned from Nationstar, Guaetta, and Doonan that the property had been foreclosed. Subsequently, Carrington placed a "for sale" sign on the property, and contacted plaintiffs' tenants (the property is a multi-family residence) to inform them that plaintiffs were no longer the owners of the building, offering the tenants a new lease or the opportunity to relocate. Plaintiffs assert fifteen claims[1] – Wrongful Foreclosure (Count I); Violations of Mass. Gen. Laws ch. 183, §§ 5B, 21 (Count II); Violations of Mass. Gen. Laws ch. 244, §§ 14, 35A, 35B, 35C (Count XIII); Violation of the Fair Debt Collection Practices Act (Count IV); Violation of Truth in Lending (Count V); Breach of Implied Covenant of Good Faith and Fair Dealing (Count VI); Fraud and Fraudulent

---

[1] There is no Count III in the Amended Complaint. For ease of reference, the court will adopt the numbering of the claims used in the Amended Complaint.

Misrepresentation (Count VII); Trespass (Count VIII); Interference with Contractual Relationships (Count IX); and Negligent Misrepresentation (Count X); Negligence (Count XI); Intentional Infliction of Emotional Distress (Count XII); Unjust Enrichment/Conversion (Count XIV); Slander of Credit (Count XV); and Violations of the Massachusetts Consumer Protection Act (Count XVI).

The Amended Complaint contains a single factual allegation concerning Doonan – that in or about June 10, 2015, plaintiffs received a certified letter from Doonan informing them of the foreclosure.  This allegation is, without more, incapable of supporting the three claims conceivably lodged against Doonan (the Amended Complaint does not identify the targeted defendants for each claim).  A mere notice of foreclosure cannot sustain claims for fraudulent (Count VII) or negligent (Count X) misrepresentation where plaintiffs do not allege any detrimental reliance on a representation.  *See Masingill v. EMC Corp.*, 449 Mass. 532, 540 (2007).  Plaintiffs admit that they still reside at the property, and the Amended Complaint alleges that it was Carrington that contacted plaintiffs' tenants.

The foreclosure notice letter also cannot sustain the claim for intentional infliction of emotional distress (Count XII).  To make out such a claim, plaintiffs must allege that

> (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct, (2) that the conduct was "extreme and outrageous," was "beyond all possible bounds of decency" and was "utterly intolerable in a civilized community," (3) that the actions of the defendant were the cause of the plaintiff's distress, and (4) that the emotional distress sustained by the plaintiff was "severe" and of a nature "that no reasonable man could be expected to endure it."

*Agis v. Howard Johnson Co.*, 371 Mass. 140, 144-145 (1976) (internal citations omitted). Under the circumstances – where plaintiffs have admitted to being in default, Am. Compl. ¶ 10, and further, being aware that US Bank had initiated foreclosure in 2012, Am. Compl. ¶ 20 – the court cannot conclude as a matter of law that a notice of foreclosure, even if inaccurate, is so "extreme and outrageous" as to be "beyond all possible bounds of decency." Moreover, plaintiffs do not allege any facts to suggest that they have suffered such severe distress "that no reasonable man could be expected to endure it."

## ORDER

For the foregoing reasons, defendant Doonan, Graves & Longoria's motion to dismiss is <u>ALLOWED</u>.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE